BLAKEMAN'S VALLEY OFFICE EQUIPMENT, INC.,
d.b.a. Valley Office Equipment, Appellant,

v.

BIERDEMAN, Appellee.*

[Cite as *Blakeman's Valley Office Equip., Inc., v. Bierdeman,*
152 Ohio App.3d 86, 2003-Ohio-1074.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02 CA 52.

Decided March 3, 2003.

---

* Reporter's Note: An appeal to the Supreme Court of Ohio is pending in case No. 2003-0678.

Henderson, Covington, Messenger, Newman & Thomas Co., L.P.A., and George L. White IV, for appellant.

Pfau, Pfau & Marando and John C. Pfau, for appellee.

WAITE, Presiding Judge.

{¶ 1} This is an appeal from a denial of a motion for a preliminary injunction in the Mahoning County Court of Common Pleas in a dispute over an agreement not to compete between appellant Blakeman's Valley Office Equipment, Inc. and appellee Bradley W. Bierdeman. The preliminary injunction was denied because appellant was the assignee of a covenant not to compete and was not an original party to the covenant not to compete. The record reveals that the contract containing the covenant not to compete also contains an assignment clause. The record also reflects that the covenant not to compete was properly assigned to appellant. Appellant is correct that the preliminary injunction should have been granted, and we hereby reverse the judgment of the trial court and grant appellant's motion for a preliminary injunction.

{¶ 2} This case is a final appealable order under the current versions of R.C. 2505.02(A)(3) and (B)(4), which specifically include a "preliminary injunction" as a final and appealable order.

{¶ 3} On November 8, 2001, appellant filed a complaint in the Mahoning County Court of Common Pleas, alleging multiple counts arising out of an agreement for purchase and sale ("Bierdeman/Copeco Contract") entered into between appellee and a business called Copeco, Inc. ("Copeco"), executed on April 3, 2000. The primary function of the Bierdeman/Copeco Contract was to effect the sale of appellee's office equipment business, B & G Complete Services, Inc., to Copeco for $135,000. One of the conditions of the sale was that Copeco would hire appellee as a service representative. Bierdeman/Copeco Contract, Section 7.01(C). The contract contained a covenant not to compete, in which appellee agreed not to compete with Copeco for five years:

{¶ 4} "A. For a period of five (5) years from the date of this Agreement, Bradley W. Bierdeman shall not directly or indirectly (as hereinafter defined) engage, participate in, or become interested in or connected with any business or venture that is competitive with Buyer. In the event Bradley W. Bierdeman's employment by Buyer shall be unilaterally terminated by Buyer without cause, the duration of the foregoing covenant not to compete shall, instead, be eighteen (18) months from the effective date of such termination of employment." Bierdeman/Copeco Contract, Section 5.02.

{¶ 5} The Bierdeman/Copeco Contract also contained an assignment clause, which stated:

{¶ 6} "This Agreement shall be binding upon, and shall inure to the benefit of, the parties and their respective successors, assigns, debtor's-in-possession and bankruptcy trustees; provided, however, that neither this Agreement or any of

the rights and obligations hereunder may be assigned by the Sellers without prior written consent of the Buyer." Bierdeman/Copeco Contract, Section 8.10.

{¶ 7} The "Sellers" were the Bierdemans, i.e., appellee and his wife.

{¶ 8} The parties allocated $10,000 of the $135,000 purchase price as payment for appellee's agreement to enter into the covenant not to complete. Bierdeman/Copeco Contract, Section 2.03.

{¶ 9} At some point in 2000, appellee became employed by Copeco.

{¶ 10} On September 28, 2001, Copeco entered into an asset purchase/sale agreement ("Copeco/Blakeman Contract") with appellant. The contract was not for Copeco's entire business, but only for the portion of the business located in Columbiana, Trumbull, and Mahoning Counties. Copeco executed a separate written assignment to appellant, assigning all of Copeco's "rights and interests in and to the continuing obligations and covenants of Bradley W. Bierdeman * * * as set forth in that certain Agreement for Purchase and Sale made and entered into on April 3, 2000 * * *." Copeco also terminated appellee's employment on September 28, 2001.

{¶ 11} On November 8, 2001, appellant filed a complaint in the Mahoning County Court of Common Pleas asking for injunctive and other relief due to appellee's failure to uphold the covenant not to compete. Appellant alleged that appellee had engaged in the sales and service of office equipment in Columbiana, Mahoning, and Trumbull Counties in violation of the covenant not to compete. Appellant's claim for a preliminary injunction was heard before a magistrate on November 30, 2001.

{¶ 12} On December 6, 2001, the magistrate filed his decision. He overruled the motion for a preliminary injunction on the basis that Blakeman's Valley Office Equipment was not specifically named or mentioned in the Bierdeman/Copeco Contract. The magistrate held that appellant could not prove that appellee was in breach of the covenant not to compete because the covenant was made with Copeco and not with appellant. The magistrate noted that Copeco was no longer in business in the market area covered by the covenant not to compete.

{¶ 13} Appellant filed objections to the magistrate's decision on December 20, 2001. Appellant argued that noncompetition agreements are assignable in Ohio and that appellee had specifically agreed that the noncompetition agreement was assignable by virtue of the assignment clause in the Bierdeman/Copeco Contract.

{¶ 14} The court ruled on the objections on February 7, 2002. The court found no error in the magistrate's decision and adopted the decision as the judgment of the court.

{¶ 15} Appellant filed this timely appeal on March 8, 2002.

{¶ 16} Appellant's sole assignment of error asserts:

{¶ 17} "The trial court committed reversible error by overruling plaintiff's motion for a preliminary injunction and rendering Bierdeman's non-competition covenant unenforceable simply because it had been assigned."

{¶ 18} Appellant correctly argues that injunctive relief is appropriate to enforce a noncompetition agreement, citing *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 27, 71 O.O.2d 12, 325 N.E.2d 544. Appellant correctly cites the requirements for granting a preliminary injunction:

{¶ 19} "Ordinarily, a party requesting a preliminary injunction must show that (1) there is a substantial likelihood that the plaintiff will prevail on the merits, (2) the plaintiff will suffer irreparable injury if the injunction is not granted, (3) no third parties will be unjustifiably harmed if the injunction is granted, and (4) the public interest will be served by the injunction." *Procter & Gamble Co. v. Stoneham* (2000), 140 Ohio App.3d 260, 267, 747 N.E.2d 268.

{¶ 20} Each element must be established by clear and convincing evidence. Id. In determining whether to grant injunctive relief, no one factor is dispositive. *Cleveland v. Cleveland Elec. Illum. Co.* (1996), 115 Ohio App.3d 1, 14, 684 N.E.2d 343. The four factors must be balanced with the "flexibility which traditionally has characterized the law of equity." Id.

{¶ 21} "When there is a strong likelihood of success on the merits, preliminary injunctive relief may be justified even though a plaintiff's case of irreparable injury may be weak. In other words, what plaintiff must show as to the degree of irreparable harm varies inversely with what plaintiff demonstrates as to its likelihood of success on the merits." Id.

{¶ 22} A trial court judgment regarding the grant or denial of a motion for a preliminary injunction is reviewed for abuse of discretion. *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.* (1995), 73 Ohio St.3d 590, 653 N.E.2d 646, paragraph three of the syllabus. The term "abuse of discretion" connotes more than an error of law or judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 23} Appellant correctly states that noncompetition agreements are assignable in Ohio, citing *Rogers v. Runfola & Assoc., Inc.* (1991), 57 Ohio St.3d 5, 7, 565 N.E.2d 540.

{¶ 24} Appellant argues that Section 8.10 of the Bierdeman/Copeco Contract rendered the entire contract, including the covenant not to compete, assignable by Copeco without restrictions. Appellant argues that the Bierdeman/Copeco Contract, including the covenant not to complete, was validly assigned by the documents executed on September 28, 2001. Appellant also asserts that it only

requested to enforce the covenant in the market area that it originally covered, namely, Columbiana, Mahoning, and Trumbull Counties. Appellant concludes that it provided the appropriate evidence to warrant a preliminary injunction in its favor.

{¶ 25} Appellant correctly points out that Ohio courts have enforced the assignment of covenants not to compete even if the covenants are silent as to assignability. *Artromick Internatl., Inc. v. Koch* (2001), 143 Ohio App.3d 805, 759 N.E.2d 385.

{¶ 26} Appellee looks at the covenant not to compete in isolation from the rest of the Bierdeman/Copeco Contract and argues that the covenant itself did not contain any language indicating that it could be assigned. The remainder of appellee's argument stems from this flawed premise. Appellee submits that only Copeco was mentioned in the Bierdeman/Copeco Contract, that Copeco no longer has business operations in Columbiana, Mahoning, and Trumbull Counties, and, therefore, that appellee could not be violating its promise that he would not compete with Copeco.

{¶ 27} In his brief to this court, appellee vents his frustration at length that he was fired by Copeco on September 28, 2001, the same day Copeco assigned its business operations to appellant. Appellee apparently felt cheated that he sold the business to Copeco for only $135,000 when he did not get a guarantee of long-term employment out of the bargain. Appellant has not raised any specific assignment of error about whether the Bierdeman/Copeco Contract was supported by sufficient consideration. It is clear, however, that appellee and Copeco considered the possibility that appellee might be fired without cause because the noncompetition clause makes provision for appellee's termination without cause.

{¶ 28} Although neither party clearly articulates the fundamental dispute in this appeal, appellant's primary assertion appears to be that an assignment clause that covers an entire contract also covers a covenant not to compete contained within that contract, whereas appellee contends that a covenant not to compete must contain its own specific assignment clause to be assignable. We agree with appellant that a covenant not to compete is assignable when that covenant is contained within an otherwise valid contract which includes a valid assignment clause.

{¶ 29} A contract is meant to be read in its entirety, and courts must give effect to a contract in its entirety. *Kelley v. Cairns & Bros., Inc.* (1993), 89 Ohio App.3d 598, 607, 626 N.E.2d 986; *Erie Ins. Group v. Nationwide Mut. Ins. Co.* (1989), 65 Ohio App.3d 741, 753, 585 N.E.2d 464; *Ford Motor Co. v. John L. Frazier & Sons Co.* (1964), 8 Ohio App.2d 158, 161, 29 O.O.2d 379, 196 N.E.2d 335.

{¶ 30} "The controlling factor in determining assignability of a covenant not to compete is the intention of the contracting parties. In ascertaining the intention of the parties, the court must determine whether the covenant employs words which indicate that assignment was contemplated and whether assignability is necessary to protect the goodwill of the business being sold." (Citations omitted.) *Mid–West Presort Mailing Serv., Inc. v. Clark* (Feb. 10, 1988), 9th Dist. No. 13215, 1988 WL 17825; see, also, this court's recent decision *Rock of Ages Mem., Inc. v. Braido* (Feb. 8, 2002), 7th Dist. No. 00 BA 50, 2002 WL 234666.

{¶ 31} The intent of the contracting parties is primarily found in the language of the contract itself. *Graham v. Drydock Coal Co.* (1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949.

{¶ 32} The Bierdeman/Copeco Contract contains a very clear and comprehensive assignment clause which applies to the entire contract. Bierdeman/Copeco Contract, Section 8.10. The contract also contained an integration clause stating that "[t]his agreement constitutes the entire agreement between the parties * * *." Bierdeman/Copeco Contract, Section 8.04. Appellee initialed the pages of the contract with these provisions, and signed the contract's signature page. Therefore, the parties intended that the contract, including the noncompetition clause, would be assignable.

{¶ 33} We must note that the matter before us does not involve the typical scenario of a sophisticated employer attempting to enforce a noncompetition clause against an unsophisticated employee. The clause at issue in this case was bargained for between two businesses, not between an employer and an employee. The covenant formed part of the consideration in the sale of appellee's business to appellant. It was only after appellee sold his business to Copeco that he became Copeco's employee. It appears that the covenant not to compete was an arm's-length bargain between two equally sophisticated parties.

{¶ 34} The record is clear that Copeco sold its entire business operations in Columbiana, Mahoning, and Trumbull Counties to appellant, and that Copeco executed an express written assignment of all its interests in the Bierdeman/Copeco Contract to appellant. Once the assignment was made, appellant was able to assert any rights that Copeco, the assignor, had in the Bierdeman/Copeco Contract, including the right to prevent appellee from participating in any business that was in competition with appellee in their capacity as a Copeco's assignee.

{¶ 35} There are additional considerations, though, in determining whether an assignment of a noncompetition agreement will be enforced. We must also determine whether the burdens originally placed upon the covenantor remain unchanged after the assignment. *Artromick Internatl., Inc.*, supra, 143 Ohio

App.3d at 810, 759 N.E.2d 385; *Safier's, Inc. v. Bialer* (1950), 58 Ohio Law Abs. 292, 42 O.O. 209, 93 N.E.2d 734. The record contains evidence that Copeco transferred its entire operations in Columbiana, Mahoning, and Trumbull counties to appellant. Copeco/Blakeman Contract, at 1. Copeco may also have had operations in Stark County, where its offices were located, or may have conducted business in other unnamed counties. Copeco/Blakeman Contract, at 1. The record reveals that appellant acquired all of Copeco's interest in the covenant not to compete. Although the covenant not to compete may originally have covered more than Columbiana, Mahoning, and Trumbull Counties, it can now only be enforced in those three counties because Copeco itself can no longer enforce the covenant at all (having assigned all of its rights away), and because appellant succeeded only to the rights of Copeco in those three counties. Appellee's obligations have changed due to the assignment, but the change has resulted in fewer obligations and restrictions being placed on appellee. Therefore, the assignment is enforceable.

 {¶ 36} The record before us reflects that appellant met all of the additional factors necessary in order to be granted a preliminary injunction. Appellant was required to show a substantial likelihood of prevailing on the merits of its complaint. Appellee admitted that he contacted appellant's customers and that he had done work for up to 45 of those customers immediately after his employment with Copeco was terminated. The noncompetition agreement clearly prohibited appellee from competing with Copeco or Copeco's assignees for either 5 years or for 18 months, depending on whether appellee's employment was terminated without cause. Therefore, appellant is very likely to prevail on the merits of its complaint.

{¶ 37} Because it is highly likely to prevail on the merits, appellant has less of a burden to show irreparable harm. *Cleveland Elec. Illum. Co.*, supra, 115 Ohio App.3d at 14, 684 N.E.2d 343. It is clear from the record that appellee was attempting to start his own business by taking away the customers he serviced while employed by Copeco and by using Copeco's own customer lists to build that new business. This is precisely the type of irreparable harm that a covenant not to compete is designed to prevent. *Robert W. Clark, M.D., Inc. v. Mt. Carmel Health* (1997), 124 Ohio App.3d 308, 317, 706 N.E.2d 336.

{¶ 38} Appellant needed to show that no third parties would be harmed by the injunction. It does not appear from the record that appellee even raised as an issue that any third parties would be adversely affected.

{¶ 39} Appellant also needed to show that the public interest would be served by the injunction. Preserving the sanctity of contractual relations and preventing unfair competition have traditionally been in the public interest. *Ratchford v. Proprietors' Ins. Co.* (1989), 47 Ohio St.3d 1, 8, 546 N.E.2d 1299; *UZ Engineered*

*Products Co. v. Midwest Motor Supply Co., Inc.* (2001), 147 Ohio App.3d 382, 397, 770 N.E.2d 1068.

{¶ 40} In conclusion, it is clear that appellee and Copeco entered into a contract with both a noncompetition clause and an assignment clause. Copeco properly assigned its interests to appellant. Appellant provided clear and convincing evidence supporting its request for a preliminary injunction to prevent appellee from violating the noncompetition clause, and an injunction should have been granted. The February 7, 2002 judgment of the Mahoning County Court of Common Pleas is hereby reversed. Appellant is granted a preliminary injunction, the terms of which are as follows:

{¶ 41} Bradley W. Bierdeman, individually and doing business as B & B Complete Services, shall not directly or indirectly engage, participate in, or become interested in or connected with any business or venture that is competitive with Blakeman's Valley Office Equipment, Inc., or Valley Office Equipment.

{¶ 42} A business or venture will be considered to be competitive if (1) it is conducted in whole or in part within Mahoning, Trumbull, or Columbiana Counties, and (2) it involves the sale or service of photocopiers, facsimile machines, photocopying or office systems, outsourcing, print-on-demand, digital printing, networking, network consulting and training, systems integration and software development, cabling businesses or related businesses or products sold, serviced, distributed, or furnished by Blakeman's Valley Office Equipment, Inc., or Valley Office Equipment.

{¶ 43} Bradley W. Bierdeman will be deemed to be directly or indirectly engaged, participating or interested in or connected with a business or venture if Bradley W. Bierdeman is (1) a stockholder, partner, proprietor, officer, director, consultant, agent or employee of the business or venture, or (2) an investor who has advanced on loan, contributed to capital or expended for the purchase of stock an amount or amounts constituting five percent or more of the capital or assets of the business or venture.

{¶ 44} This preliminary injunction shall remain in effect during the pendency of this case in the court of common pleas.

{¶ 45} Our ruling in this opinion does not limit the trial court's authority to modify or amend the preliminary injunction under the appropriate circumstances and in a manner consistent with this opinion.

{¶ 46} This case is remanded to the Mahoning County Court of Common Pleas for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GENE DONOFRIO and VUKOVICH, JJ., concur.