JUDGES: Hon. Carol Ann Robb, Hon. Cheryl L. Waite, Hon. Mary DeGenaro
OPINION
ROBB, P.J.
{¶ 1} Defendant-Appellant Caldwell Hotel, LLC appeals the decision of the Noble County Common Pleas Court entered upon the motion for preliminary injunction filed by Plaintiff-Appellee Wayne W. Watson, the holder of a non-exclusive easement over a portion of adjoining land owned by the hotel. In ruling on the request for a preliminary injunction, the trial court granted the easement holder the right to install curbing and no parking signs along the northern boundary of the easement. The hotel contends the trial court erred in allowing the installation of curbing to prevent the hotel's use of twenty parking spaces pending trial on the merits.
{¶ 2} This court concludes the easement holder did not meet its burden to show curbing was a proper form of ancillary relief at the preliminary injunction hearing. The trial court's order is reversed.
STATEMENT OF THE CASE
{¶ 3} As evidenced by a deed recorded December 2, 2005, the trustee of the Biehl Trust sold 3.228 acres to Wayne Watson and granted him a thirty-foot wide easement over the trust's adjacent property in order to reach the 3.228 acres. The deed granted to the easement holder a "perpetual non-exclusive easement appurtenant for vehicular and pedestrian traffic to and from the [3.228 parcel]." After specifically describing the location of the easement by metes and bounds, the deed provided: "Grantee shall pave the easement and maintain it at his expense. Grantee shall provide, at his expense, curb cuts on the north side of this easement for ingress and egress to it from real estate of the Grantor (1.200 acres, Parcel No. 28-51296), whenever requested by the Grantor." The easement holder paved the easement (without constructing actual curbs) and opened a car wash on his property which was reached via the easement.
{¶ 4} The Biehl trustee sold 1.474 acres (including parcel number 28-51296) to the trustee of the Singer Trust pursuant to a deed recorded on January 28, 2008. (This deed provided it was subject to all easements of public record and then specifically *182 referred to the "perpetual non-exclusive easement appurtenant for vehicular and pedestrian traffic to and from real estate conveyed to Wayne Watson by deed" and cited the prior deed reference.) As evidenced by a deed recorded May 30, 2014, the Singer trustee sold this property to the hotel. (The deed noted it was subject to exceptions, including agreements, easements, rights-of-way, and other matters of record.)
{¶ 5} Construction of the hotel began soon after the deed was recorded. Construction vehicles used and parked on the easement, which was the roadway used to reach the car wash. The hotel opened in February 2015. The hotel had approximately seventy-three parking spaces. The main parking lot surrounded the hotel and could be reached by turning north off the easement roadway on either end of the hotel. The front door of the hotel faced the north side of the easement. Twenty of the hotel's parking spaces abutted the hotel building on this side and were accessed directly from the easement. At times, vehicles parking in these spaces would overhang the length of the parking spaces and protrude into the northern portion of the easement (the north side of the roadway leading away from the carwash). Hotel guests also parked along the southern portion of the easement (the south side of the roadway leading to the car wash). There was no designated parking space for registration at the front desk, which resulted in guests parking in the easement during check-in and check-out. Delivery trucks also parked in the easement.
{¶ 6} The easement holder had a survey conducted in order to install survey pins, which were then painted orange. The easement holder subsequently painted a yellow line at the open end of the parking spaces, hoping to discourage vehicles from protruding into the roadway. The easement holder painted the line some inches south of the actual easement line in order to permit the vehicles of the hotel guests to protrude into the easement, in the hotel's favor. To discourage parking along the opposite side of the roadway, the easement holder installed curbs and no parking/tow-away signs on the south side of the easement on March 8, 2016.
{¶ 7} On March 29, 2016, the easement holder filed a complaint (with a jury demand) against the hotel alleging certain causes of action and seeking damages. The complaint alleged the easement was blocked and damaged during construction of the hotel. The complaint also complained that hotel guests continually parked on the easement which interfered with access to the easement holder's car wash business. The easement holder asked for a declaratory judgment and injunctive relief, including a temporary restraining order and a preliminary injunction in order to enjoin parking on the easement. Under the count seeking an injunction, the easement holder said the hotel's use of the easement contradicted the provision that curb cuts shall be provided for ingress and egress. In the prayer for relief, the easement holder asked for a preliminary and permanent injunction to restrain the hotel and its agents, assigns, employees, customers, and all others acting in concert or participation with them from parking on the non-exclusive easement.
{¶ 8} A separate motion for a temporary restraining order and a preliminary injunction was filed the same day. The hotel filed a brief and a supplemental brief in opposition, arguing the elements for granting a temporary restraining order or preliminary injunction were not satisfied. The hotel emphasized the non-exclusive nature of the easement and pointed to its efforts to cooperate with the easement holder to prevent parking on the easement.
*183 {¶ 9} On April 8, 2016, the easement holder filed a notice of intent to install curbing on the north side of the easement (which would leave two curb cuts to access the hotel's two driveways leading to/from the parking lot). The notice claimed the painted yellow line did not deter hotel guests from encroaching on the easement. The notice also explained curbing was already installed on the south side of the easement.
{¶ 10} On April 13, 2016, the trial court held a hearing on the request for a preliminary injunction. The easement holder's son testified to issues with vehicles parking on the easement during and after construction. He explained the survey, the orange pins, and the yellow line, which did not prevent all vehicles from extending into the roadway. (Tr. 19). He also complained it was unsafe for vehicles to use the roadway to back into or out of the parking spaces in front of the hotel. (Tr. 23-24). He witnessed vehicles parked in the easement during check-in and trucks parked in the easement during deliveries. (Tr. 19-20, 22). He acknowledged the vehicles did not completely block the roadway but required a traveling vehicle to drive into the other lane to drive around the parked vehicles. (Tr. 29-30).
{¶ 11} The witness opined the deed granting the easement permitted curbing along the northern edge. (Tr. 23). He recognized the easement holder's obligation to provide curb cuts; he said there were three curb cuts and suggested they should only have to provide two curb cuts to ingress and egress the hotel property. He said the three curb cuts measured: 20 feet, 18 feet, and 216 feet. It was the latter curb cut they wished to eliminate. (Tr. 24). He stated the hotel had no issue with the recent installation of curbing and no parking signs on the south side of the easement but threatened to sue for damages if curbing was placed on the north side (which would block twenty parking spaces). Deeds were introduced into evidence as were various photographs of cars parked on the easement.
{¶ 12} The hotel presented the testimony of its general manager. She was not aware of the issues with the easement until the fall of 2015. To remedy the situation, she: placed notices on all vehicles at the hotel three times; would approach a car if she saw it park in the road; informed the front desk employees to instruct guests not to park in the road; posted a sign at the front desk and another on the front door providing notice of the tow-away zone (after the easement holder's March 8, 2016 installation of no parking signs); and instructed delivery trucks not to park in the roadway. Delivery trucks and guests checking-in or checking-out were temporarily being instructed to park in the handicap spots until new signs arrived. (Tr. 57, 67, 73).
{¶ 13} The hotel submitted two bench briefs which: outlined the law on deed language; raised estoppel; claimed the easement holder failed to show entitlement to a preliminary injunction by clear and convincing evidence; and emphasized the obligation to engage in a spirit of mutual accommodation with regards to the use of a non-exclusive easement. A timely answer to the complaint was then filed.
{¶ 14} In an April 15, 2016 entry, the trial court noted the matter was before the court on a motion for a preliminary injunction, evidence was presented, and the case was taken under advisement with a decision to be rendered on April 20, 2016. Thereafter, on April 29, 2016, the trial court issued a judgment providing:
This matter is before the Court April 20, 2016 upon request for a preliminary injunction.
*184 As the granting of a preliminary injunction is an "extraordinary remedy" and as the Plaintiff has proposed alternative measures, short of an injunction, that could otherwise remedy Plaintiff's complaints:
It is ordered:
1.) Plaintiff may proceed to install curbing as noticed in his pleading filed April 11, 2016 and as contemplated in the original grant of easement.
2.) Plaintiff may install 'no parking' signage along the perimeter of the easement.
{¶ 15} On May 6, 2016, the hotel filed a motion for an emergency pretrial telephone conference stating the installation of curbing under the court's April 29 order irreparably harmed the hotel as it eliminated parking spaces at the front of the hotel (including the four handicap spots). This resulted in a loss of almost one-third of the parking spaces for hotel guests and a loss of revenue which threatened the ability of the hotel to continue operating. The hotel asked the trial court to consider: placing the matter on an accelerated docket to allow the jury to decide the claims in an expedited manner (with a proposed schedule for discovery, depositions, and trial); holding an emergency hearing to reconsider the judgment; or modifying the judgment to add Civ.R. 54(B) language.
{¶ 16} On May 10, 2016, the hotel filed a corresponding motion to modify the entry to allow it to utilize all parking spaces during the pendency of the dispute and a motion for a nunc pro tunc entry adding Civ.R. 54(B) language. The hotel also asked the trial court to conduct a site visit to view the curbed-off parking spaces.
{¶ 17} The trial court conducted a site visit and held a hearing on May 11, 2016. The easement holder's son testified to the installation of curbs and the use of cones (to avoid a tripping hazard). He also said this car wash does not do as well as other car washes he operates. The hotel presented the testimony of the vice-president of the management company for the hotel. He noted the front door was the only handicap accessible entrance and all twenty parking spaces in front of the building were blocked by the new curbing. He detailed the loss of business and revenues since the court's order due to the loss of parking spaces. He said attempts to find alternative parking were unsuccessful.
{¶ 18} The hotel advised the court of its offer (during the pendency of the litigation) to designate some parking spaces for car parking only (to avoid trucks hanging over the line). The trial court made reference to the identity of the grantor in the deed establishing the easement and suggested the hotel ask that grantor for additional curb cuts. (Tr. 16-17). The court opined the original grant contemplated that if a party was dissatisfied with where the curbing was placed, then "curb cuts could be requested and they never have been. So I don't know if it's even right for this Court to decide. But at any rate, at this point, I'm not going to move off of my order." (Tr. 18).
{¶ 19} On May 11, 2016, the court issued a nunc pro tunc entry, adding (to the April 29, 2016 entry) a finding of "no just reason for delay under Civ.R. 54(B)." The hotel filed a timely notice of appeal on May 20, 2016, citing R.C. 2505.02(B)(4).[1] The hotel *185 also filed an emergency motion for injunctive relief under App.R. 7(A), asking this court to order removal of the curbing from the hotel's front parking spaces in order to restore the status quo pending appeal. See App.R. 7(A) (application for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal). See also Civ.R. 62(D) (stay pending appeal or suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo).
{¶ 20} This court conducted a hearing on the motion and granted the motion for emergency injunctive relief under App.R. 7(A). We ordered the easement holder to remove the curbing placed in front of the hotel. (We permitted the no parking signs in front of the hotel to remain and ordered the hotel to engage in various instructive activities relating to parking on the easement).
ASSIGNMENT OF ERROR & ISSUE ONE
{¶ 21} The hotel sets forth one assignment of error contending:
"THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT APPELLEE COULD INSTALL CURBING WHICH PREVENTED APPELLANT'S USE OF TWENTY PARKING SPACES."
{¶ 22} Two issues are presented under this assignment of error. First, the hotels asserts: "The installation of curbing which prevented Appellant's use of twenty parking spaces runs wholly contrary to a well settled Seventh District Court of Appeals precedent that the owner of a nonexclusive easement and the owner of the servient estate must exercise their respective rights and privileges in a spirit of mutual accommodation." See Hunker v. Whitacre-Greer Fireproofing Co. , 155 Ohio App.3d 325, 2003-Ohio-6281, 801 N.E.2d 469, ¶ 29, 33 (7th Dist.). The parties do not dispute the property right involved in this case is a non-exclusive easement appurtenant.
{¶ 23} In Hunker , we explained that an easement holder with a non-exclusive easement cannot exclude the servient landowner or those authorized by the landowner from the easement. Hunker , 155 Ohio App.3d 325, 2003-Ohio-6281, 801 N.E.2d 469 at ¶ 29. The legal meaning of the word non-exclusive when applied to an easement allows the servient landowner to continue to fully utilize their property, while making reasonable accommodations for the easement holder. Id. at ¶ 33.
{¶ 24} Because all residual rights remain in the possessory or servient estate, the servient landowner may make any use of his property that does not "unreasonably interfere" with easement holder's use of the easement, unless the easement agreement provides otherwise. Id. at ¶ 30, citing 1 Restatement of the Law 3d, Property, Section 4.9, at 581-582 (2000). Whether the servient landowner's actions are reasonable or unreasonable is generally a factual question. Hunker , 155 Ohio App.3d 325, 2003-Ohio-6281, 801 N.E.2d 469 at ¶ 34. "In the absence of detailed arrangements between them, it is assumed that the owner of the dominate estate and the holder of the servient estate are intended to exercise their respective rights and privileges in a spirit of mutual accommodation."
*186 Hunker , 155 Ohio App.3d 325, 2003-Ohio-6281, 801 N.E.2d 469 at ¶ 31, quoting 1 Restatement of the Law 3d, Property, Section 4.9, at 582.
{¶ 25} The hotel concludes the trial court destroyed the rights the hotel retained in the servient estate and failed to acknowledge the spirit of mutual accommodation or recognize the efforts by the hotel to prevent unreasonable interference with the non-exclusive easement. The hotel reviews its efforts on posting signs, circulating notices, instructing guests, and cooperating in the curbing and signage on the south side of the easement. The hotel suggests the trial court's order allowing curbing in front of the hotel was extreme as it blocked twenty parking spaces (four of which were handicap spaces), which left almost one-third of the guests without parking.
{¶ 26} The hotel also points to the holding: "Injunctive relief is available to an easement-holder against those interfering with the proper use and enjoyment of the easement. * * * In restricting a landowner's interference with an easement, the court should carefully restrict the landowner's activity only so much as is necessary to terminate interference with use and enjoyment of the easement." Ormsby v. Transcontinental Oil & Gas, Inc. , 9th Dist. No. 18063, 1997 WL 600619 (Sep. 17, 1997), citing Bradish v. Riolo , 8th Dist. No. 66233, 1994 WL 530899 (Sep. 29, 1994). The hotel concludes the trial court's decision was not a "careful restriction" on the use of the non-exclusive easement and did not restrict "only so much as is necessary to terminate interference" with the easement holder's rights.
{¶ 27} The easement holder urges an easement providing for ingress and egress does not include the right to park. See Myers v. McCoy , 5th Dist. No. 2004CAE07059, 2005-Ohio-2171, 2005 WL 1038871, ¶ 26 ("an easement granting the right of ingress and egress did not include the right to park on the easement, because parking is the antithesis of driving"), citing Kuhn v. Ferrante , 5th Dist. No. 2001CA00115, 2002 WL 144182 ; Cleveland v. Clifford , 121 Ohio App.3d 59, 62, 698 N.E.2d 1045 (9th Dist.1997) (the plain meaning of "drive easement" does not include parking within the easement). We note these cases involve the easement holder attempting to park on the easement. In any event, for purposes of the preliminary injunction hearing and this appeal, the hotel does not argue there is a right to park in the easement. Rather, the hotel argued below it was cooperating in efforts to stop its guests from parking on the easement, and the hotel argues on appeal the order allowing curbing to eliminate parking spaces was too extreme.
{¶ 28} The easement holder responds the hotel unreasonably interfered with his use of the easement and his installation of curbing was merely a step in a gradual series of steps implemented to protect its interest in the easement. The easement holder urges the record shows it attempted to exercise its rights under the easement in a spirit of mutual accommodation, but the attempts to work with the hotel did not result in relief from the encroachments on the easement. The easement holder concludes we should uphold the judgment permitting curbing on the north side and remand the matter to the trial court so the final remedy of installing curbing can be decided by the trial court after a full hearing.
{¶ 29} Although the order appealed was a ruling on a request for a preliminary injunction, both parties set forth a standard of review section claiming this court is reviewing a declaratory judgment. See, e.g., Arnott v. Arnott , 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 1 (2012) (an abuse of discretion standard applies to the trial court's holding on the appropriateness *187 of the case for declaratory judgment, i.e., the matter's justiciability; a de novo standard of review applies to the trial court's determination of legal issues). The trial court stated at the hearing and in the judgment entry that the matter was before the court on a motion for a preliminary injunction.[2]
{¶ 30} There was no discovery or trial on the merits scheduled, and no pre-trial dispositive motions were pending (besides the motion for a preliminary injunction), e.g., there was no motion for summary judgment on the request for a declaratory judgment. The final hearing was not consolidated with the preliminary injunction hearing. See Civ.R. 65(B)(2). In fact, the time for filing an answer to the complaint had not passed; a timely answer was filed twelve days after the hearing on the preliminary injunction. The hotel filed briefs in opposition to the request for a preliminary injunction in order to respond to the specific request to enjoin parking in the easement (arguing they did not permit parking in the easement).
{¶ 31} In issuing its order on the request for a preliminary injunction, the trial court suggested it was denying the preliminary injunction due to "proposed alternative measures, short of an injunction." The trial court recognized a preliminary injunction as an extraordinary remedy and expressed a belief that the curbing outlined in the easement holder's notice was a lesser alternative to the preliminary injunction requested in the complaint and motion. However, the order permitting the curbing (which blocks twenty parking spaces) appears, in some aspects, to be more extreme than a preliminary injunction prohibiting parking on the roadway (as requested in the complaint and accompanying motion for a preliminary injunction and as the hotel was attempting to do without court order).
{¶ 32} Instead of enjoining the hotel from permitting its guests' vehicles to hang over the parking spaces into the easement, the ancillary relief granted by the trial court allowed the easement holder to construct a physical barrier preventing cars from using the parking spaces. Instead of making these parking spaces "cars only" to avoid encroachment on the easement, the court eliminated the twenty parking spaces at the front of the hotel, including four handicap spaces, by allowing curbing plus no parking signs. These parking spaces were on hotel property unencumbered by the easement.
{¶ 33} The elements to be considered in a request for a preliminary injunction were discussed in the parties' filings below, and the hotel's App.R. 7(A) request for an injunction pending appeal framed the trial court's decision as granting injunctive relief. Yet, neither party discusses the elements for granting a preliminary injunction in their appellate briefs.
{¶ 34} This court has stated a party requesting a preliminary injunction must *188 show: (1) there is a substantial likelihood he will prevail on the merits; (2) he will suffer irreparable injury if the injunction is not granted; (3) no third parties will be unjustifiably harmed if the injunction is granted; and (4) the public interest will be served by the injunction. Chapin v. Nameth , 7th Dist. No. 08 MA 18, 2009-Ohio-1025, 2009 WL 582572, ¶ 16 ; Blakeman's Valley Office Equip. Inc. v. Bierdeman , 152 Ohio App.3d 86, 2003-Ohio-1074, 786 N.E.2d 914, ¶ 19 (7th Dist.). No one factor is dispositive as the court is to balance the factors and weigh the equities. See Blakeman's , 152 Ohio App.3d 86, 2003-Ohio-1074, 786 N.E.2d 914 at ¶ 20-21.
{¶ 35} A preliminary injunction serves to preserve the status quo between the parties pending the decision on the merits. Chapin , 7th Dist. No. 08 MA 18 at ¶ 17. The movant must establish the right to a preliminary injunction by clear and convincing evidence. Id. at ¶ 19 ; Blakeman's , 152 Ohio App.3d 86, 2003-Ohio-1074, 786 N.E.2d 914 at ¶ 20. See also AK Steel Corp. v. ArcelorMittal USA, L.L.C. , 2016-Ohio-3285, 55 N.E.3d 1152, ¶ 10 (12th Dist.). The court's judgment granting or denying a motion for a preliminary injunction is reviewed for an abuse of discretion. Blakeman's , 152 Ohio App.3d 86, 2003-Ohio-1074, 786 N.E.2d 914 at ¶ 22, citing Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist. , 73 Ohio St.3d 590, 653 N.E.2d 646 (1995), paragraph three of syllabus ("The issue whether to grant or deny an injunction is a matter solely within the discretion of the trial court and a reviewing court will not disturb the judgment of the trial court in the absence of a clear abuse of discretion.").
{¶ 36} Two observations are notable here: the easement holder's son testified to a belief that only two curb cuts (measuring 24 feet each) were required to be made by the easement holder; and the trial court's decision on curbing appears to be based upon a belief that the easement holder's deed requires the involvement of the original grantor in order for the hotel to be entitled to curb cuts. However, the evidence in the record of the preliminary injunction hearing does not support either suggestion.
{¶ 37} The deed granting the non-exclusive easement to the easement holder refers to the easement holder's obligation to provide curb cuts on the north side for ingress and egress, whenever requested by the grantor. There is no reference to two cuts of a certain measurement, and we have been cited to no document in the record providing for the number of access points or the measurements thereof. Moreover, the hotel had been operating for over a year without curbing in front of the twenty spaces abutting the front of the hotel. The easement holder's son characterized this lack of curbing as a 216 foot curb cut. The hotel was not requesting an additional curb cut.
{¶ 38} Additionally, the easement lies on the underlying fee estate owned by the hotel. See generally Cincinnati, Hamilton & Dayton Ry. Co. v. Wachter , 70 Ohio St. 113, 118, 70 N.E. 974 (1904) ("An easement implies necessarily a fee in another, and it follows that it is a right, by reason of such ownership, to use the land for a special purpose, and one not inconsistent with the general property in the land of the owner of the fee, his property rights, however, to be exercised in such way as not to unreasonably interfere with the special use for which the easement was acquired."); Ohio Power Co. v. Bauer , 60 Ohio App.3d 57, 573 N.E.2d 780 (5th Dist.1989), paragraph two of syllabus ("An easement grants such rights as are necessary to the reasonable enjoyment thereof, leaving to the owner of the fee the right to use the property in any manner not inconsistent with the reasonable *189 use of the easement."). This case involves an easement granted to the easement holder over the property of the original grantor in order to reach an appurtenant parcel sold to the easement holder in the same deed, i.e., this was not a case involving a grantor reserving an easement for himself.
{¶ 39} The rights and obligations of the original grantor of the easement (Biehl) were part of the servient estate and passed with that fee estate to the new owner of the land subject to the easement (Singer), and then to the next owner of the land subject to the easement (the hotel). (See, e.g. , Biehl to Singer Deed recorded January 29, 2008). In other words, when the original grantor of the easement sold the land underlying the easement to another, the new owner of the servient estate became the grantor for purposes of the language of the easement. Therefore, it was the hotel who would be the party to request its own curb cuts from the easement holder under the plain language of the deed evidencing the easement and the deeds transferring the property to the hotel. The hotel was satisfied with the curb cuts it already had. Contrary to the trial court's suggestion, there is no evidence the hotel had to request curb cuts from a prior grantor.
{¶ 40} Considering the totality of the circumstances in this case, this court concludes the decision permitting curbing (which blocked parking spaces not subject to the easement) in response to a request for preliminary injunction was erroneous. The trial court's order did not preserve the status quo. The parking spaces were on land owned by the hotel unencumbered by the easement; the testimony suggested only some vehicles intermittently extended into the easement when parked in those spaces (presumably, the overhanging vehicles were too long or did not pull forward enough {there was a suggestion a vehicle fit better if it backed in to the space}). Even if there was a likelihood of the easement holder's success on the merits of the request for an injunction to enjoin parking and temporary standing in the easement, the preliminary injunction went well beyond this concept. The likelihood of success on the merits of a permanent injunction prohibiting access to the twenty parking spaces in front of the building was weak and was not clearly set forth in the complaint.
{¶ 41} In addition, irreparable harm to the easement holder pending decision on the merits of the complaint was not clearly shown to be a result of a failure to permit curbing. There was no evidence of complete blocking of the easement; cars park on roadways in everyday life, requiring drivers to pass any parked cars by driving to the left of them. The situation was not shown to be an emergency; in fact, the easement holder complained the parking issue had persisted since the hotel began construction. Furthermore, measures were taken recently to assist in alleviating the parking problem. The easement holder only recently installed curbing and no parking signs on the south side of the easement (three weeks prior to the filing of the complaint). The acts taken in the spirit of mutual accommodation were provided little chance to show results. Nevertheless, the south side curbing and signage, along with the signs posted on the hotel door and front desk and the verbal instructions to guests and delivery trucks, were said to have alleviated most of the issues. In addition, the hotel offered to limit spaces to "cars only" pending decision on the merits. Lastly, harm to third parties and the interest of the public weighed in favor of a hotel having sufficient parking spaces and handicap spaces near the front door.
*190 {¶ 42} This court concludes the easement holder did not meet its burden to show it was entitled to a preliminary injunction or to the ancillary relief formulated by the trial court (described by the trial court as "short of an injunction").
ISSUE TWO
{¶ 43} The hotel's second issue presented asserts: "The doctrines of waiver by estoppel and laches bar the installation of the curbing which prevented Appellant's use of twenty parking spaces." The hotel contends the easement holder paved the road without installing curbing and waited 22 months to assert a right to install curbing. During this 14-15 month period, both the dominant estate and the servient estate used the easement without curbing defining the northern side of the easement. The hotel was built facing south, and twenty parking spaces were allocated to abut the structure (including four handicap spaces). The parking spaces were used by hotel guests for over a year. The hotel claims the easement holder provided no excuse for the delay in asserting the boundary of the easement could be curbed to prevent ingress and egress from the north (or that only two curb cuts were required).
{¶ 44} The easement holder responds by characterizing this argument as contradicting the hotel's assertion that the parties worked in a spirit of mutual accommodation until the suit was filed (or until the north curbing was installed). The easement holder states the delay was the result of it using curbs as a last resort in a series of gradual steps to protect its rights to an unimpeded easement.
{¶ 45} The elements of laches are: (1) unreasonable delay or lapse of time in asserting a right; (2) absence of an excuse for the delay; (3) actual or constructive knowledge of the injury or wrong; and (4) prejudice to the other party. State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections , 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995). The prejudice must be the result of the plaintiff's delay, not merely the result of the plaintiff's assertion or exercise of a right. Furthermore, "[p]rejudice is not inferred from a mere lapse of time." Id.
{¶ 46} Waiver is the voluntary relinquishment of a known right that can be enforced by the person who had a duty to perform and who changed his position as a result of the other party's waiver. Chubb v. Ohio Bur. of Workers' Compensation , 81 Ohio St.3d 275, 278-279, 690 N.E.2d 1267 (1998). Estoppel does not require the party to intend to relinquish a right. Id. at 279, 690 N.E.2d 1267. The estoppel doctrine prevents relief when a party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment. Id. "Although waiver is typical of estoppel, estoppel is a separate and distinct doctrine." Id. at 279, 690 N.E.2d 1267.
{¶ 47} Still, the term "waiver by estoppel" has been employed when estopping a party from asserting a right when his conduct was inconsistent with the intent to claim a right and such conduct misled the other party to his prejudice. J&B Fleet Indus. Supply, Inc. v. Miller , 7th Dist. No. 09MA173, 2011-Ohio-3165, 2011 WL 2536668, ¶ 79, citing National City Bank v. Rini , 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶ 24 (11th Dist.). A lack of objection, the very nature of the laches defense, only supports an estoppel defense if there was an obligation to speak. See London & Lancashire Indemnity Co. of America v. Fairbanks Steam Shovel Co. , 112 Ohio St. 136, 152, 147 N.E. 329 (1925). Compare *191 Trehar v. Brightway Ctr. , 7th Dist. No. 14JE20, 2015-Ohio-4144, 2015 WL 5813871, ¶ 34.
{¶ 48} We note the hotel raised these doctrines in a brief filed the day of the hearing (within days of the easement holder's "notice" of intent to install curbing), and the answer was not yet due. To the extent these defenses constituted potential trial issues, a final decision on the defenses was not pending before the trial court at the preliminary injunction hearing. Although the arguments underlying a non-movant's assertion of affirmative defenses can be a consideration in weighing the factors involved in evaluating a motion for a preliminary injunction, they are not dispositive of the merits at that stage of the case.
{¶ 49} For instance, the affirmative defense of laches or estoppel can be evaluated in ascertaining the likelihood of success on the merits. These are affirmative defenses to the complaint, and the hotel would have the burden of establishing these affirmative defenses at trial. See, e.g., Goldfuss v. Davidson , 79 Ohio St.3d 116, 124, 679 N.E.2d 1099 (1997) (burden of proving an affirmative defense is on the defendant who asserts it). Likewise, the hotel would have a burden to provide evidence regarding its affirmative defenses at the preliminary injunction stage if it wished to use them to counter the easement holder's claim of likelihood of success on the merits. See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal , 546 U.S. 418, 429, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006) ("the burdens at the preliminary injunction stage track the burdens at trial").
{¶ 50} It is unclear what is being asserted as detrimental reliance occurring due to the inconsistent act or as prejudice resulting from the delay . The hotel may be relying on an inference that the hotel would not have been constructed in this position if there was pre-existing curbing which required curbs cut. However, there was no testimony on this presented to the trial court. In any event, the hotel raises these defenses on appeal as support for its argument against curbing along the entrance to its parking spaces, not as to the issuance of an injunction against parking in the easement. As this court concluded the easement holder was not entitled to the pretrial relief it received, the hotel's arguments on laches and waiver by estoppel are moot.
{¶ 51} For the foregoing reasons, the trial court's order is reversed.
Waite, J., concurs.
DeGenaro, J., concurs.

R.C. 2505.02(B)(4) sets forth an order is final if it grants or denies a provisional remedy and (a) in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy and (b) the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. A provisional remedy is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction * * *." R.C. 2505.02(A)(3).

The complaint mentioned declaratory judgment in the introductory paragraph but did not specifically ask for a declaration concerning the deed besides the issue of parking on the easement. Under the claim for injunctive relief, the easement holder's complaint alleged the hotel's "continued use is in direct contradiction to the provision that only curb cuts shall be provided for ingress and egress." As the complaint deals with parking on the easement and asks to restrain the hotel from parking on the easement, this sentence would appear to refer to the hotel guests' use of the borders of the easement for more than mere ingress and egress (i.e. the vehicles overhanging their parking spots). The easement holder's complaint did not ask the court to declare the easement holder had the right to install curbing where an opening to twenty parking spaces already existed. A subsequent "notice" declaring an intent to install curbing is not akin to an amended complaint.