[Cite as *M.H. v. J.P.*, 2017-Ohio-33.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

M.H.

    Appellee

    v.

J.P., et al.

    Appellants

C.A. Nos.     15CA010832
                   15CA010833

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    15CV186968
                  15CV196969

DECISION AND JOURNAL ENTRY

Dated: January 9, 2017

MOORE, Judge.

{¶1} Respondents-Appellants J.P. and L.P. appeal from the judgments of the Lorain County Court of Common Pleas. We affirm in part and reverse in part.

I.

{¶2} On July 14, 2015, as Petitioner-Appellee M.H. was driving to CVS she encountered slow traffic. She was not sure why traffic was moving so slowly. As she was looking around, she noticed that the person in the car in front of her was the cause of the slow traffic and was videotaping her with his phone while he drove. She realized the car in front of her was being driven by either J.P. or L.P., who are identical twins. According to M.H. the brothers live near her parents and had videotaped her and her family in the past. The brothers had also called the police on her family on multiple occasions in the past. She also came to

notice that the car in front of the car directly in front of her was driven by someone else who was also videotaping her. That person was discovered to be the other brother.

{¶3} M.H. called the police because she was concerned about J.P.'s and L.P.'s behavior in the past. She also believed that at least one of the brothers had a gun that he had threatened to use on more than one occasion. A sheriff happened to be in the area, noticed the traffic backup, and began to investigate. The sheriff spoke with J.P. and L.P., who indicated that M.H. was stalking them and that was why they were videotaping her. M.H. told the sheriff her side of the story, and she was allowed to continue to the police station to fill out a police report.

{¶4} On July 17, 2015, M.H. filed a petition for a civil stalking protection order against J.P. and L.P. pursuant to R.C. 2903.214. That same day, an ex parte order was issued. The protected persons were M.H. and her two minor daughters. A full hearing was held July 31, 2015, at which the petitions against J.P. and L.P. were heard together. J.P., a licensed attorney in Ohio, represented himself and his brother. M.H. appeared pro se. Towards the end of the cross-examination of M.H., the trial judge abruptly halted the proceedings, determined that J.P. was "making a mockery out of [the proceedings]," and refused to allow J.P. to present a defense.

{¶5} The trial court subsequently issued a full hearing civil stalking protection order against J.P. and L.P. Thereafter, J.P. and L.P. appealed. They then moved to amend the notices of appeal to include an order of the trial court that was filed shortly before the notices of appeal. We granted their motion. Subsequently, this Court consolidated the two appeals.

{¶6} J.P. and L.P. have raised 11 assignments of error for our review, which will be addressed out of sequence to facilitate our analysis.

II.

## ASSIGNMENT OF ERROR II

R.C. 2903.214/ITS SCHEME IS/WAS FACIALLY UNCONSTITUTIONAL AND/OR UNCONSTITUTIONAL AS APPLIED TO [J.P. AND L.P.], AND OTHERWISE (INCLUDING THROUGH THE ORDERS) VIOLATES/ED [J.P.'S AND L.P.'S] FIRST, SECOND, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS.

{¶7} In their first assignment of error, J.P. and L.P. assert that R.C. 2903.214 is facially unconstitutional and/or unconstitutional as applied to them. We decline to address the merits of their argument as J.P. and L.P. failed to raise this issue in the trial court and have not developed a plain error argument on appeal.

{¶8} "The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it." *State v. Detamore,* 9th Dist. Wayne No. 15AP0026, 2016-Ohio-4682, ¶ 19, quoting *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 2.

{¶9} J.P. and L.P. argue that they were unable to present this argument to the trial court because they could not attend the ex parte hearing and they were not allowed to present a defense during the full hearing. However, J.P. and L.P. have not demonstrated that there were unable to file a motion in the trial court challenging the constitutionality of the statute irrespective of what occurred at the hearings. Accordingly, we are unpersuaded that J.P. and L.P. were precluded from raising this issue below.

{¶10} Further, while J.P. and L.P. have mentioned plain error in their brief, they have not developed a plain error argument. *See* App.R. 16(A)(7). Instead, they have merely stated in a conclusory manner that the statute violates their rights and therefore resulted in a miscarriage of justice. Because they have not developed a plain error argument, we overrule their second

assignment of error on that basis. *See Barnick v. Barnick,* 9th Dist. Summit No. 28058, 2016-Ohio-5808, ¶ 13.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT DENIED [J.P. AND L.P.] ANY DEFENSE WHATSOEVER DURING THE FULL HEARING.

{¶11} J.P. and L.P. argue in their sixth assignment of error that the trial court erred in denying them the ability to present any defense. Under the circumstances of this case, we agree.

{¶12} "The right to procedural due process is guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. This Court has previously stated that [a]t a minimum, the constitutional guarantee of due process requires that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." (Internal quotations and citations omitted.) *Sigler v. Arvay,* 9th Dist. Summit No. 21099, 2002-Ohio-6762, ¶ 10.

{¶13} R.C. 2903.214(D)(2)(a) provides that, "[i]f the court, after an ex parte hearing, issues a protection order described in division (E) of this section, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing."

{¶14} In the instant matter, at the full hearing, J.P. represented both himself and his brother. During J.P.'s cross-examination of M.H., the trial court abruptly halted the examination and ultimately terminated the proceedings without allowing J.P. and L.P. to present any defense. After reading the transcript, we have no doubt that J.P. proved to be a challenging party for the trial court to manage. The trial court had to remind J.P. of the limited purpose of the hearing and that the parties were not there to litigate all of the cases that J.P. and L.P. had pending. It is likewise evident that the trial court was frustrated with the manner in which J.P. handled the

cross-examination of M.H. Nonetheless, we do not agree with the trial court's assessment that J.P. was "making a mockery" of the proceedings or "attempting to abuse the process." We remain mindful that the appellate court cannot assess the demeanor or mannerisms of J.P. from the transcript; however, the record before us does not support the drastic action of terminating the hearing without providing the respondents an opportunity to present any defense. Given the record before us, we can only conclude that J.P. and L.P. were denied their due process rights when they were denied the ability to present a defense. *See Sigler* at ¶ 11. While it may have been appropriate under the circumstances for the trial court to curtail the cross-examination of M.H., and possibly even sanction respondents with a fine, we cannot say that prohibiting J.P. and L.P. from presenting any defense was consistent with due process.

{¶15} Given the foregoing, we sustain J.P.'s and L.P.'s sixth assignment of error.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT/MAGISTRATE PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED DISCRETION ("ERRED") IN ISSUING THE JULY 17, 2015 EX PARTE PROTECTION ORDERS, THE AUGUST 3, 2015 ONE-YEAR PROTECTION ORDERS, AND THE AUGUST 7, 2015 SUPPLEMENTAL ORDERS AGAINST [J.P. AND L.P.], INCLUDING DUE TO EACH OF THE FOLLOWING SEPARATE ERRORS WHICH ARE FULLY INCORPORATED HEREIN AS THE DISCUSSION FOR THIS ASSIGNMENT OF ERROR.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT DENIED [J.P. AND L.P.] THE RIGHT TO OBJECT AND/OR TO STATE THE BASIS FOR THEIR OBJECTIONS DURING THE FULL HEARING.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT PREJUDICIALLY ADMITTED AND RELIED ON INADMISSIBLE EVIDENCE FROM [M.H.] – PARTICULARLY EXHIBIT 1 – DURING THE FULL HEARING.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT PREJUDICIALLY EXCLUDED ADMISSIBLE AND MATERIAL EVIDENCE FROM [J.P. AND L.P.] DURING THE FULL HEARING.

### ASSIGNMENT OF ERROR VII

THE TRIAL COURT DENIED [J.P. AND L.P.] THE REMAINDER OF THEIR ESSENTIAL CROSS-EXAMINATION OF [M.H.] DURING THE FULL HEARING.

### ASSIGNMENT OF ERROR VIII

THE TRIAL COURT USED THE WRONG LEGAL STANDARD AS TO THE BURDEN OF PROOF DURING THE FULL HEARING.

### ASSIGNMENT OF ERROR IX

THE TRIAL COURT USED THE WRONG LEGAL STANDARD AS TO [M.H.'S] STATE OF MIND VIS-A-VIS MENTAL DISTRESS.

### ASSIGNMENT OF ERROR X

THE TRIAL COURT DID NOT MAKE THE REQUIRED FINDINGS OF FACT IN THE ONE-YEAR PROTECTION ORDERS AGAINST [J.P. AND L.P.], AND THE FINDINGS/HOLDINGS THAT IT DID MAKE IN THE ORDERS WERE ERRONEOUS, INCLUDING BECAUSE OF THE USE OF A DISCRIMINATORY TERM.

### ASSIGNMENT OF ERROR XI

[THE TRIAL COURT'S] ISSUANCE OF THE AUGUST 3, 2015 ONE-YEAR PROTECTION ORDER[] AND SUPPLEMENTAL ORDERS AGAINST [J.P. AND L.P.] WAS BASED ON INSUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE DURING THE FULL HEARING.

{¶16} Given our resolution of J.P.'s and L.P.'s sixth assignment of error, we conclude the remaining assignments of error have been rendered moot and we decline to address them.

*See* App.R. 12(A)(1)(c).

III.

**{¶17}** J.P.'s and L.P.'s second assignment of error is overruled. We sustain J.P.'s and L.P.'s sixth assignment of error and remand the matter for proceedings consistent with this opinion. The remaining assignments of error have been rendered moot. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

J. P., pro se, Appellant.

J.P., Attorney at Law, for Appellant L.P.

GERALD WALTON, Attorney at Law, for Appellee.