[Cite as *Horvath v. Barberton Bd. of Bldg. & Zoning Appeals*, 2022-Ohio-1302.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

WILLIAM J. HORVATH

    Appellant

    v.

CITY OF BARBERTON BOARD OF
BUILDING AND ZONING APPEALS, et
al.

    Appellees

C.A. No.    29921

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2020-09-2481

DECISION AND JOURNAL ENTRY

Dated: April 20, 2022

CALLAHAN, Judge.

{¶1} Appellant, William Horvath, appeals from the judgment of the Summit County Court of Common Pleas denying his motion for preliminary injunction to enjoin Appellees, the City of Barberton Board of Zoning and Building Appeals ("BZBA") and the City of Barberton Building Department ("Building Department") (collectively "Barberton") from demolishing his house. For the reasons set forth below, this Court affirms.

I.

{¶2} In April 2020, Mr. Horvath's house at 752 Wisteria Drive in Barberton, Ohio ("property") sustained significant damage due to a tornado. Mr. Horvath submitted an insurance claim. During the following four months, Mr. Horvath updated the Building Department of the status of the insurance claim, but did not begin any repairs to the property.

{¶3} On August 7, 2020, the Building Department issued a Violation Notice to Mr. Horvath which notified him of the following: the property was in violation of several sections of the Barberton Property Maintenance Code; he had 30 days to correct the violations; the Building Department's intent to condemn and demolish ("condemnation notice") the property if he failed to comply; and his right to appeal to the BZBA. Mr. Horvath submitted an appeal to the BZBA on August 26, 2020, but the BZBA refused to hear his appeal because it was filed late.

{¶4} Mr. Horvath filed a complaint in the common pleas court seeking declaratory judgment and injunctive relief, along with a R.C. 2506.01 administrative appeal of the Violation Notice and of the BZBA's refusal to hear his appeal. Mr. Horvath also filed a separate motion for temporary restraining order and preliminary injunction to prohibit Barberton from taking any action to demolish his house. The trial court granted the temporary restraining order and scheduled a preliminary injunction hearing.

{¶5} Barberton opposed the motion for preliminary injunction asserting that Mr. Horvath failed to exhaust his administrative remedies. The trial court denied Mr. Horvath's motion for preliminary injunction, and the temporary restraining order expired.

{¶6} Mr. Horvath timely appealed this judgment, raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE SUMMIT COUNTY COMMON PLEAS COURT COMMITTED ERROR, PREJUDICIAL TO MR. HORVATH, WHEN IT DENIED HIS MOTION FOR PRELIMINARY INJUNCTION.

{¶7} In his sole assignment of error, Mr. Horvath argues that the trial court erred when it denied his motion for preliminary injunction. We disagree.

**{¶8}** This Court reviews the denial of a motion for preliminary injunction for an abuse of discretion. *Wimmer Family Trust v. FirstEnergy*, 9th Dist. Lorain No. 08CA009392, 2008-Ohio-6870, ¶ 9, *vacated on other grounds*, 123 Ohio St.3d 144, 2009-Ohio-4304, ¶ 1. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

**{¶9}** In determining whether a preliminary injunction is warranted, the court considers "whether: (1) the movant has shown a substantial likelihood of success on the merits, (2) the movant will suffer an irreparable injury, (3) a preliminary injunction could harm third parties, and (4) the interest of the public will be served by granting a preliminary injunction." *Pelster v. Millsaps*, 9th Dist. Summit No. 19375, 1999 WL 980566, *2 (Oct. 27, 1999). These factors must be established by clear and convincing evidence by the party moving for the preliminary injunction. *J.P. v. T.H.*, 9th Dist. Lorain No. 15CA010897, 2017-Ohio-233, ¶ 19.

**{¶10}** The nonmovant may oppose the preliminary injunction motion by asserting an affirmative defense to counter the movant's claim of its likelihood of succeeding on the merits. *See Watson v. Caldwell Hotel, LLC*, 7th Dist. Noble No. 16 NO 0432, 2017-Ohio-4007, ¶ 48-49. The party asserting the affirmative defense bears the burden of producing evidence of the affirmative defense at the preliminary injunction stage. *See id.* at ¶ 49, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 124 (1997) and *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006). "Although the arguments underlying a nonmovant's assertion of affirmative defenses can be a consideration in weighing the factors involved in evaluating a motion for a preliminary injunction, they are not dispositive of the merits at that stage of the case." *Watson* at ¶ 48.

**{¶11}** When timely asserted and maintained, failure to exhaust administrative remedies is an affirmative defense in actions for declaratory judgment and injunctive relief. *See Jones v. Chagrin Falls*, 77 Ohio St.3d 456, syllabus (1997) (declaratory judgment); *Clagg v. Baycliffs Corp.*, 82 Ohio St.3d 277, 281 (1998) (injunction). "It is a well-established principle of Ohio law that, prior to seeking court action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal." *Noernberg v. Brook Park*, 63 Ohio St.2d 26, 29 (1980). There are, however, exceptions to the exhaustion doctrine. *Karches v. Cincinnati*, 38 Ohio St.3d 12, 17 (1988). A party is not required to pursue administrative relief "if there is no administrative remedy available which can provide the relief sought, * * * if resort to administrative remedies would be wholly futile," or if "the available remedy is onerous or unusually expensive." *Id*. In response to the affirmative defense, the plaintiff must demonstrate an exception to the requirement of exhaustion of administrative remedies is applicable. *See Gates Mills Inv. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 166 (8th Dist.1978).

**{¶12}** On appeal, Barberton contends that Barberton Property Maintenance Code Section 111.1 provides Mr. Horvath with an administrative remedy of filing an appeal from the Violation Notice to the BZBA, and Mr. Horvath failed to exhaust that administrative remedy when he filed an untimely appeal to the BZBA.[1] Barberton Property Maintenance Code Section

---

[1] The parties also presented arguments directed to Mr. Horvath's likelihood of success on the merits of the R.C. 2506.01 administrative appeal and complaint for declaratory judgment and injunction. Because the trial court did not base its decision on those arguments, our review is limited to the affirmative defense of exhaustion of administrative remedies.

111.1 states the following:

> Any person directly affected by a decision of the building official or a notice or order issued under this code shall have the right to appeal to the Barberton Board of Zoning and Building Appeals, provided that a written application for appeal is filed within 10 days after the day the decision, notice or order was served. An application for appeal shall be based on a claim that the true intent of this code or the rules legally adopted [thereunder] have been incorrectly interpreted, the provisions of this code do not fully apply, or the requirements of this code are adequately satisfied by other means.

Pursuant to Section 111.1, Mr. Horvath was required to file a written appeal from the Violation Notice to the BZBA within ten days of being served with the Violation Notice. *See id.* Mr. Horvath does not contest that his letter to the BZBA appealing the Violation Notice on August 26, 2020, was beyond the ten-day period to file an appeal.

{¶13} Rather, under his single assignment of error, Mr. Horvath makes numerous arguments that appear to fall under the first exception to the exhaustion of remedies doctrine: "there is no administrative remedy available which can provide the relief sought" or "resort to administrative remedies would be wholly futile[.]" *See Karches*, 38 Ohio St.3d at 17. The Supreme Court of Ohio has described the futility exception as not requiring a litigant to take a vain act before initiating a judicial action. *See State ex rel. Teamsters Loc. Union No. 436 v. Bd. of Cty. Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, ¶ 24. The Court has described such acts as follows:

> [A] "vain act" occurs when an administrative body lacks the authority to grant the relief sought; a vain act does not entail the petitioner's probability of receiving the remedy. The focus is on the *power* of the administrative body to afford the requested relief, and not on the happenstance of the relief being granted.

(Emphasis sic.) *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 115 (1990). *See also BP Communications Alaska, Inc. v. Cent. Collection Agency*, 136 Ohio App.3d 807, 813 (8th Dist.2000) (stating that the futility exception "applies when it would be impracticable to pursue

the administrative remedy * * * because the administrative entity lacks the authority to render relief * * *.").

{¶14} First, Mr. Horvath argues that the BZBA appeal could not provide the relief he sought because Barberton Property Maintenance Code Section 111.1 limited the claims that could be raised in an appeal to the BZBA. Mr. Horvath asserts that his allegations that the Violation Notice and condemnation notice were defective for failure to comply with various notice provisions did not fall within the allowed appeal claims.

{¶15} Barberton Property Maintenance Code Section 111.1 states that an appeal to the BZBA "shall be based on a claim that the true intent of this code or the rules legally adopted [thereunder] have been incorrectly interpreted, the provisions of this code do not fully apply, or the requirements of this code are adequately satisfied by other means." The intent of the Barberton Property Maintenance Code is to "ensure public health, safety, and welfare insofar as they are affected by the continued occupancy and maintenance of structures and premises." *Id.* at Section 101.3. The building official has the authority "to interpret and implement the provisions of this code[]" and "to secure the intent [of the code.]" *Id.* at Section 104.2.

{¶16} Mr. Horvath alleges multiple instances wherein the Violation Notice and condemnation notice were deficient for "lack of proper notice" in accordance with the city ordinances: the condemnation notice failed to make a finding under Barberton Property Maintenance Code Section 110.1 that it was "unreasonable to repair the structure[;]" the Violation Notice only cited and quoted the Barberton Property Maintenance Code sections that were violated and failed to identify the specific portion of the property that corresponded to each violation; the Violation Notice did not inform him of what actions he needed to take to correct the violations; the Violation Notice did not allow sufficient time to make the repairs; and the Violation Notice

did not contain all of the procedures available to challenge it. Although Mr. Horvath generalizes these claims as notice issues, the deficiencies alleged by him question whether the building official correctly interpreted and implemented the true intent of the code when he issued the Violation Notice and condemnation notice. Accordingly, Mr. Horvath's claims are reviewable by the BZBA, and he has failed to establish by clear and convincing evidence that an appeal to the BZBA could not provide the relief sought.

**{¶17}** Next, Mr. Horvath argues that an appeal to the BZBA would be wholly futile because the Barberton City Charter does not authorize the BZBA to review the Building Department's issuance of a notice regarding violations of the Barberton Property Maintenance Code. Mr. Horvath suggests that the BZBA's authority only extends to zoning questions and "to appeals of violations incurred during the process of building, and not maintenance."

**{¶18}** Barberton City Charter Section 6.02(b) provides that the BZBA has jurisdiction over appeals related to zoning and building. The provision setting forth the intent of the Barberton Property Maintenance Code states that "[e]xisting structures and premises that do not comply with these provisions shall be altered or repaired to provide a minimum level of health and safety as required, herein. Repairs, alterations, additions to and change of occupancy in existing buildings shall comply with the Ohio Building Code." Barberton Property Maintenance Code Section 101.3. Further, Barberton Property Maintenance Code Section 102.3 designates the Ohio Building Code as the applicable code governing repairs and alterations to a structure. Based upon the above sections of the Barberton Property Maintenance Code, there is evidence that the repairs and alterations required to abate maintenance violations involves building, which falls within the jurisdiction of the BZBA. Accordingly, Mr. Horvath has failed to establish by clear and convincing evidence that an appeal to the BZBA would be wholly futile.

{¶19} Alternatively, Mr. Horvath argues that if the BZBA possessed jurisdiction to hear his appeal, his appeal to the BZBA was timely under Barberton City Charter Section 6.02(d). Section 6.02(d) provides that an appeal to the BZBA is to be submitted within 20 days from the denial of a zoning or building permit. *Id*. This matter does not involve the denial of a zoning or building permit; thus, the 20-day deadline does not apply in this instance. Rather, the 10-day deadline provided for in Barberton Property Maintenance Code Section 111.1 applies to an appeal to the BZBA from the Violation Notice issued under that code.

{¶20} Mr. Horvath also asserts that the appeal provided in Barberton Property Maintenance Code Section 111.1 "creates an empty appeal" and is not an administrative remedy because neither the Barberton Property Maintenance Code nor the Barberton Development Code provide for procedures for a hearing and the opportunity to present evidence in an appeal to the BZBA. Due to the absence of these procedures in the city ordinances, Mr. Horvath claims that he was "incapable of appealing to the [BZBA] for a hearing where he could present evidence[;]" and thus, there was no administrative remedy to exhaust.

{¶21} Mr. Horvath takes the position that only the ordinances can provide the procedures for a hearing and the opportunity to present evidence when determining whether an appeal from the Violation Notice to the BZBA is an administrative remedy that must be exhausted. Mr. Horvath's reliance on *Englewood v. Turner*, 168 Ohio App.3d 41, 2006-Ohio-2667 (2d Dist.), for this proposition is misplaced. In *Englewood*, the appellate court considered both the city's property maintenance code and the hearing officer's notice of violations in its analysis of whether there was an administrative remedy that the property owner failed to exhaust. *Id.* at ¶ 13, 15. The appellate court concluded that an appeal to city council from the housing officer's decision was not an administrative remedy under the city's property maintenance code for two reasons: first, the

property maintenance code did not contain a procedure, including a "provision for a hearing or opportunity to present evidence[,]" for appealing to city council; and second, there was no evidence that the property owner was informed of a right to an appeal, to a hearing, or to present evidence in either the housing officer's notice of violations or the city council's resolution. *Id.* at ¶ 15, 20.

{¶22} As discussed above, Barberton Property Maintenance Code Section 111.1 provides a right to appeal to the BZBA from a notice, order, or decision issued under the code and that an appeal must be submitted in writing within ten days of the notice, order, or decision being served. Further, the Violation Notice contains all of the information set forth in Barberton Property Maintenance Code Section 111.1 and also lists the required filing fee for an appeal and states that the person appealing or his/her representative must appear before the BZBA on a future date. In light of the foregoing evidence, Mr. Horvath failed to establish by clear and convincing evidence that an appeal to the BZBA from the Violation Notice was unable to provide the relief requested and was inadequate due to the absence of appeal procedures in the city ordinances.

{¶23} Mr. Horvath also argues that exhaustion of administrative remedies is not required when a claim for declaratory judgment raises constitutional issues. Mr. Horvath's argument is misplaced. Exhaustion of administrative remedies is not required in "an action challenging the constitutionality of a statute, ordinance, or administrative rule." *Jones*, 77 Ohio St.3d at 460. Mr. Horvath's declaratory judgment action did not attack the constitutionality of the Barberton ordinances or any statute. Rather his complaint attacked the condemnation notice. Accordingly, exhaustion of administrative remedies applies to Mr. Horvath's claim for declaratory judgment.

{¶24} Mr. Horvath claims that the trial court erred in denying his motion for preliminary injunction on the basis of lack of jurisdiction. Mr. Horvath has misconstrued the trial court's decision. The trial court denied his motion for preliminary injunction after determining that Mr.

Horvath failed to demonstrate an exception to the affirmative defense of exhaustion of administrative remedies by clear and convincing evidence.

{¶25} Mr. Horvath alleges that the trial court erred when it failed to find that the combined Violation Notice and condemnation notice violated his right to not be dispossessed of property without due process of law. He argues that the Violation Notice cannot also serve as a notice of demolition because the thirty-day period for compliance with the Violation Notice had not yet passed, nor was a further inspection held to support the demolition order. These arguments relate directly to the merits of Mr. Horvath's declaratory judgment claim. While the parties presented arguments directed to Mr. Horvath's likelihood of success on the merits of his complaint for declaratory judgment and his other claims, the trial court did not base its decision on those arguments. Accordingly, we decline to address these arguments as they are beyond the scope of this appeal.

{¶26} The remainder of Mr. Horvath's arguments do not appear to relate to the doctrine of exhaustion of administrative remedies, but rather challenge the constitutionality of Barberton's nuisance abatement ordinances and the appeal provisions therein. We decline to address Mr. Horvath's arguments because he did not assert these issues in the trial court and has failed to develop a plain error argument on appeal. *See M.H. v. J.P.*, 9th Dist. Lorain Nos. 15CA010832, 15CA010833, 2017-Ohio-33, ¶ 7-8.

{¶27} Based upon the foregoing, we conclude that the trial court did not abuse its discretion in denying Mr. Horvath's motion for preliminary injunction. Mr. Horvath's assignment of error is overruled.

III.

{¶28} Mr. Horvath's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

SIDNEY N. FREEMAN and ROBERT MCNAMARA, Attorneys at Law, for Appellant.

JOHN T. MCLANDRICH, FRANK H. SCIALDONE, and TERENCE L. WILLIAMS, Attorneys at Law, for Appellees.