[Cite as *State v. Horvath*, 2022-Ohio-1743.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    30077 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM J. HORVATH | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    2021 CRB 0865 |

DECISION AND JOURNAL ENTRY

Dated: May 25, 2022

HENSAL, Judge.

{¶1}   William J. Horvath appeals his conviction from the Barberton Municipal Court. This Court affirms.

I.

{¶2}   The underlying matter involves a civil case and a criminal case, the latter of which is the subject of this appeal.  This Court will address the civil case only to the extent it is relevant to this appeal.

{¶3}   On August 7, 2020, the City of Barberton Building Department issued a Violation Notice to Mr. Horvath, notifying him that his property was in violation of several sections of the Barberton Property Maintenance Code (the "Code"), that he had 30 days to correct the violations, and that, if he failed to comply, then the City of Barberton Building Department intended to condemn and demolish the property.  *Horvath v. Barberton Bd. of Bldg. & Zoning Appeals*, 9th Dist. Summit No. 29921, 2022-Ohio-1302, ¶ 3 ("*Horvath I*").  The property at issue was Mr.

Horvath's house located at 752 Wisteria Drive, Barberton, Ohio. The Violation Notice and related issues were the subject of the civil case, the appeal from which was the subject of this Court's decision in *Horvath I*.

{¶4} On April 1, 2021, a criminal complaint was filed against Mr. Horvath for violating Code section "307.1 – Accumulations Throughout Exterior of Property[.]" Mr. Horvath pleaded not guilty and the matter proceeded to a bench trial. Prior to trial, Mr. Horvath filed a motion to stay the prosecution or, in the alternative, a motion to continue the trial. The basis of Mr. Horvath's motion was that *Horvath I* was pending with this Court, and that this Court had granted an injunction to maintain the status quo while *Horvath I* remained pending.

{¶5} On the day of the bench trial, the trial court addressed Mr. Horvath's motion. Mr. Horvath's counsel argued that this Court's injunction in *Horvath I* enjoined the State from taking further action in the criminal case. The trial court disagreed, explaining that the civil case involved the demolition order, and that the criminal case involved separate issues. It, therefore, overruled Mr. Horvath's motion.

{¶6} During trial, the State presented testimony from David Sykes, a code enforcement officer and building inspector. Mr. Sykes testified that he inspected Mr. Horvath's property on April 8, 2020, and that he observed significant damage to the house as a result of a recent tornado. Aside from storm damage, Mr. Sykes testified that he observed other items on the exterior of the property, including a hot tub covered by a tarp, which he presumed to be full, as well as other "odds and ends[.]" Mr. Sykes testified that he was concerned about rodent harborage, mosquitos, the unsightly appearance, and possible safety issues with the property.

{¶7} Mr. Sykes testified that he inspected Mr. Horvath's property again on April 1, 2021. He testified that he observed more accumulations on the exterior of the property, including storage

bins, items covered by tarps, tires, piles of unstacked wood, and mulch bags that were deteriorating. Mr. Sykes testified that he continued to be concerned about rodent harborage, mosquitos, the unsightly appearance, and possible safety issues with the property. The State presented photographs of Mr. Horvath's property, which the trial court admitted into evidence.

{¶8} Mr. Horvath then testified on his own behalf. He explained that he had lived at the property since 1959, that the tornado had caused extensive damage to his house, and that he was in the process of disposing of some of the items on the exterior of his property. He also explained that he had health issues that affected his ability to work on the house, and that a friend of a friend was helping him dispose of the "trash" on the exterior of the property.

{¶9} The trial court found Mr. Horvath guilty. He now appeals, raising three assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE CRIMINAL TRIAL BELOW SHOULD HAVE BEEN STAYED.

{¶10} In his first assignment of error, Mr. Horvath argues that the trial court erred by not staying the criminal case while the civil case remained pending. In support of his argument, Mr. Horvath cites the fact that this Court granted an injunction in his civil appeal (*Horvath I*) to maintain the status quo while that appeal remained pending, as well as the fact that his civil appeal challenged the constitutionality of Barberton's municipal ordinances.

{¶11} "The determination of whether to issue a stay of proceedings generally rests within the court's discretion and will not be disturbed absent a showing of an abuse of discretion." *Carpet Gallery of Akron, Inc. v. Bloniarz*, 9th Dist. Summit No. 20849, 2002-Ohio-3737, ¶ 9, quoting *State ex rel. Verhovec v. Mascio*, 81 Ohio St.3d 334, 336 (1998). An abuse of discretion denotes

that the trial court's determination was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} As previously noted, in *Horvath I*, this Court granted an injunction to maintain the status quo while that appeal remained pending. Mr. Horvath filed a motion to show cause in that appeal as to why the State should not be held in contempt from continuing to prosecute the criminal matter when this Court issued an injunction to maintain the status quo. This Court denied his motion, explaining that the injunction in *Horvath I* enjoined Barberton from taking any further action relative to the demolition of Mr. Horvath's property during the pendency of that appeal. This Court also explained that the criminal matter did not involve the demolition of Mr. Horvath's property, and that the injunction did not enjoin the State from prosecuting the criminal matter. The trial court offered a similar analysis when denying Mr. Horvath's request for a stay. This Court, therefore, cannot say that the trial court erred when it denied Mr. Horvath's request for a stay. Mr. Horvath's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE ORDINANCE UNDER WHICH MR. HORVATH WAS PROSECUTED IS UNCONSTITUTIONAL AS WRITTEN OR AS APPLIED.

{¶13} In his second assignment of error, Mr. Horvath argues that the ordinance under which he was prosecuted is unconstitutional as written or as applied. This Court declines to address Mr. Horvath's constitutional arguments because he did not assert these issues in the trial court and has failed to develop a plain-error argument on appeal. *Horvath I*, 2022-Ohio-1302, at ¶ 26, citing *M.H. v. J.P.*, 9th Dist. Lorain Nos. 15CA010832, 15CA010833, 2017-Ohio-33, ¶ 7-8. Mr. Horvath's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

MR. HORVATH DID NOT VIOLATE THE ORDINANCE UNDER WHICH HE
WAS CHARGED.

{¶14} In his third assignment of error, Mr. Horvath challenges the sufficiency of the evidence presented at trial. Whether a conviction is supported by sufficient evidence is a question of law, which this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In conducting this inquiry, "we do not resolve evidentiary conflicts or assess the credibility of witnesses, because these functions belong to the trier of fact." *State v. Hall*, 9th Dist. Summit No. 27827, 2017-Ohio-73, ¶ 10.

{¶15} In support of his third assignment of error, Mr. Horvath argues that he was not charged or convicted under the proper ordinance and that, even if he was, the evidence did not demonstrate that the items on the exterior of his house were "garbage" or "rubbish" as defined in the ordinance. He also argues that Mr. Sykes's concerns about rodent harborage and mosquitoes were speculative, and that he was justified in not remedying the issues while *Horvath I* remained pending.

{¶16} In response, the State asserts that Code section 307.1 was amended between the time Mr. Horvath received the Violation Notice (i.e., August 2020) and the time the criminal complaint was issued (i.e., April 2021), and the language formerly contained in section 307.1 is now in section 308.1. Regardless, the State argues, Mr. Horvath did not raise this issue at the trial court, nor has he established that he was prejudiced by any error in the complaint. The State also asserts that it presented sufficient evidence to support Mr. Horvath's conviction because Mr. Sykes

testified as to the accumulations on the exterior of the property, and the State presented photographs in support of Mr. Sykes's testimony.

{¶17} Former section 307.1 of the Code, which was effective from 2008 until October 2020, provided: "Accumulation of rubbish or garbage. All exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage." It defined "garbage" as "[t]he animal or vegetable waste resulting from the handling, preparation, cooking and consumption of food." Barberton Property Maintenance Code Section 202. It defined "rubbish" as "[c]ombustible and noncombustible waste materials, except garbage; the term shall include the residue from the burning of wood, coal, coke and other combustible materials, paper, rags, cartons, boxes, wood, excelsior, rubber, leather, tree branches, yard trimmings, tin cans, metals, mineral matter, glass, crockery and dust and other similar materials." *Id.*

{¶18} In October 2020, Barberton adopted the ICC International Property Maintenance Code ("IPMC"). Barberton Codified Ordinances 1462.01. The language that formerly appeared in section 307.1 of the Code is now contained in section 308.1 of the IPMC. The definitions of "garbage" and "rubbish" remain unchanged.

{¶19} The complaint issued on April 1, 2021, stated that Mr. Horvath violated "BPMC 307.1 – Accumulations Throughout Exterior of Property[.]" Consistent with the State's position on appeal, this Court's review of the record indicates that Mr. Horvath did not raise any issue with the complaint at the trial court. The trial transcript does not reveal any confusion as to the charge against Mr. Horvath. Moreover, Mr. Horvath has not established on appeal that he suffered prejudice as a result of the alleged defect in the complaint. Mr. Horvath's argument in this regard, therefore, lacks merit. *See State v. Sunday*, 9th Dist. Summit No. 22917, 2006-Ohio-2984, ¶ 15-17 (noting that defects in a charging instrument must be raised in a pre-trial motion, and that defects

in a charging instrument that do not affect a substantial right result in harmless error); Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.").

**{¶20}** We now turn to the evidence presented at trial. The State presented evidence indicating that storage bins, items covered by tarps, tires, piles of unstacked wood, and mulch bags that were deteriorating had accumulated on the exterior of Mr. Horvath's house. The trial court admitted photographs of Mr. Horvath's property into evidence. Viewing this evidence in a light most favorable to the State, we conclude that a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Mr. Horvath's third assignment of error is overruled.

## III.

**{¶21}** Mr. Horvath's assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

SIDNEY N. FREEMAN, Attorney at Law, for Appellant.

MATT FORTADO, Attorney at Law, for Appellant.

KELLY L. PARKER, Assistant Prosecuting Attorney, for Appellee.