[Cite as *State v. Senk*, 2024-Ohio-6096.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JOSEPH SENK

    Appellant

C.A. No.    30931

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2020-10-2863

DECISION AND JOURNAL ENTRY

Dated: December 31, 2024

STEVENSON, Presiding Judge.

{¶1}    Defendant-Appellant Joseph Senk appeals the sentence of the Summit County Court of Common Pleas arising from his conviction for illegal transportation of scrap tires and open dumping. For the reasons set forth below, the judgment is affirmed in part, reversed in part, and remanded.

I.

{¶2}    Following a trial, a jury found Senk guilty of illegal transportation of scrap tires in violation of R.C. 3734.83 and R.C. 3734.99(F), an unclassified felony, and open dumping solid waste, scrap tires, in violation of R.C. 3734.03 and R.C. 3734.99(A), also an unclassified felony. The trial court accepted the jury's findings and found Senk guilty of these offenses.

{¶3}    The trial court sentenced Senk to two years of community control, subject to terms and conditions, including the payment of court costs and the costs of prosecution. The trial court ordered Senk to pay, as part of his community control, a mandatory minimum fine of $10,000 and

sentenced him to 90 days in jail, with credit for time served. Senk was notified of discretionary post-release control and of the potential for more restrictive sanctions should he violate community control, including the imposition of a prison term of up to four years on each count.

{¶4}	Senk appealed. This Court dismissed Senk's first appeal on the basis that the trial court's sentencing entry failed to specify the fact of conviction. The trial court issued a nunc pro tunc sentencing entry, relating back to the prior sentencing entry, journalizing the findings of conviction and imposing sentence. Senk does not appeal his conviction. Senk appeals his sentence, asserting three assignments of error.

I.

**FIRST ASSIGNMENT OF ERROR**

**THE TRIAL COURT'S SENTENCING IMPOSITION OF THE MONETARY FINE, PURSUANT TO R.C. 3734.99, CONSTITUTED AN EXCESSIVE FINE, AS APPLIED TO [SENK], CONTRARY TO THE EIGHT[H] AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.**

{¶5}	Senk argues in his first assignment of error that the $10,000 fine is an excessive fine in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 9 of the Ohio Constitution.  Senk concedes that he did not challenge the imposition of a monetary fine at sentencing, but he urges us to reverse based on plain error. For the following reasons, we reject this argument.

{¶6}	"Plain error occurs if there has been an error, meaning a deviation from the legal rule; the error was an obvious defect; and the error affected a substantial right." *State v. Rivera*, 2023-Ohio-1788, ¶ 65 (9th Dist.), citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).  An appellate court should take notice of plain error "'with the utmost caution, under exceptional circumstances

and only to prevent a manifest miscarriage of justice.'" *Id.* quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶7}    Senk argues in his first assignment of error that he is indigent and that the trial court's monetary fine was excessive and disproportionate to the convictions. Senk maintains the monetary fine violates his constitutional rights under the United States and Ohio Constitutions, is analogous to an in personam forfeiture, and is disproportionate to the crimes for which he was convicted.

{¶8}    Senk has presented this Court with an extremely limited plain error argument on appeal. Though he cites the plain error standard, he has not developed his argument in the context of that standard. *See State v. Coleman*, 2022-Ohio-3808, ¶ 60 (9th Dist.); *State v. Boatright*, 2017-Ohio-5794, ¶ 8 (9th Dist.); *M.H. v. J.P.*, 2017-Ohio-33, ¶ 10 (9th Dist.). Senk argues that, because he is indigent, the monetary fine is excessive and disproportionate to the crimes of illegal transportation of scrap tires and open dumping. Senk relies upon the factors in *State v. O'Malley*, 2022-Ohio-3207, in support of his excessive fines argument. Senk has failed to set forth any argument as to how the trial court's imposition of a mandatory minimum fine pursuant to R.C. 3734.99(A), in lieu of two years imprisonment, is a deviation from the legal rule, was an obvious defect, or that reversal is necessary to prevent a manifest miscarriage of justice. *Barnes* at 27; *Long* at paragraph three of the syllabus.

{¶9}    While Senk has mentioned plain error on appeal, he has failed to develop a plain error argument. We decline to create a plain error argument on his behalf and then address the merits. *See* App.R. 16(A)(7); *State v. Cross*, 2011-Ohio-3250, ¶ 41 (9th Dist.) ("While a defendant who forfeits such an argument may still argue plain error on appeal, this court will not sua sponte

undertake a plain-error analysis if a defendant fails to do so."). Senk's first assignment of error is, accordingly, overruled.

## SECOND ASSIGNMENT OF ERROR

**DEFENSE COUNSEL WAS INEFFECTIVE A[T] SENTENCING. THUS, [SENK] SUFFERED A DEPRIVATION OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.**

{¶10} Senk argues in his second assignment of error that counsel was ineffective at sentencing because counsel failed to object to the trial court's imposition of the monetary fine. We disagree.

{¶11} "On the issue of counsel's ineffectiveness, [an appellant] has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, Senk must establish (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that "fall[s] below an objective standard of reasonable representation. . . ." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus.

{¶12} A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). In addition, to establish prejudice, Senk must show that there existed "a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different." *State v. Sowell*, 2016-Ohio-8025, ¶ 138.

{¶13} Both prongs under *Strickland* must be established to support an ineffective assistance of counsel claim. *Strickland* at 687. "An error by counsel, even if professionally

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

{¶14} As previously set forth, Senk was convicted of illegal transportation of scrap tires, in violation of R.C. 3734.83(A) and R.C. 3734.99(F), and open dumping solid waste, scrap tires, in violation of R.C. 3734.03 and R.C. 3734.99(A). R.C. 3734.99(A) and (F) set forth the penalties for these violations and provide that the offender:

> shall be fined at least ten thousand dollars, but not more than twenty-five thousand dollars, or imprisoned for at least two years, but not more than four years, or both.

{¶15} "'Shall' means must." *Wilson v. Lawrence*, 2017-Ohio-1410, ¶ 12, quoting *Application of Braden*, 105 Ohio App. 285, 286 (1st Dist. 1957). The Ohio Supreme Court "repeatedly ha[s] recognized that use of the term 'shall' in a statute connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary." *Wilson* at ¶ 13. Hence, pursuant to R.C. 3734.99(A) and (F), the trial court was required to sentence Senk to a minimum fine of $10,000, two years in prison, or both.

{¶16} The trial court stated at sentencing that it reviewed the probation department's presentence investigative ("PSI") report. The PSI details Senk's health issues. The court noted Senk's "medical conditions" at sentencing, "the severity of which nobody disputes." Considering Senk's medical issues, and the fact that the trial court was required to sentence Senk to a minimum $10,000 fine, two years in prison, or both, it was reasonable and sound strategy for trial counsel to not object to the monetary fine. If counsel had objected to the monetary fine, the trial court's only alternative would have been a prison sentence pursuant to R.C. 3734.99(A) and (F) of a minimum two years. We cannot say that trial counsel's performance was deficient for failing to object to his client being fined and leaving the court with the only option to sentence him to prison in this matter.

**{¶17}** Upon review of the record, this Court finds that Senk has failed to meet the first prong of the test set out in *Strickland*, 466 U.S. at 687*,* because he has not demonstrated that counsel's performance was deficient. Having determined that trial counsel's performance was not deficient, we need not proceed to an analysis of whether Senk was prejudiced by counsel's conduct. Senk's second assignment of error is overruled.

## THIRD ASSIGNMENT OF ERROR

**POST-RELEASE CONTROL IS NOT APPLICABLE TO UNCLASSIFIED FELONIES. HENCE, THE TRIAL COURT ERRED BY ORDERING A DISCRETIONARY PERIOD OF POST-RELEASE CONTROL IN THE SENTENCING ENTRY.**

**{¶18}** Senk argues in his third assignment of error that the trial court erred by ordering a discretionary period of post-release control. We agree.

**{¶19}** Senk was convicted of illegal transportation of scrap tires in violation of R.C. 3734.83 and R.C. 3734.99(F) and open dumping solid waste, scrap tires, in violation of R.C. 3734.03 and R.C. 3734.99(A). Both convictions are unclassified felonies. R.C. 2967.28 does not authorize the imposition of post-release control for unclassified felonies. *See State v. Clark*, 2008-Ohio-3748, ¶ 36. Senk thus argues that the portion of his sentence that imposes post-release control is contrary to law and void. The State concedes this error.

**{¶20}** Senk was convicted of unclassified felonies. Unclassified felonies are not subject to the imposition of post-release control. Senk's third assignment of error is, therefore, sustained. This Court reverses and remands this matter to the trial court to vacate the portion of the sentencing journal entry that imposes post-release control.

III.

**{¶21}** Senk's first and second assignments of error are overruled. Senk's third assignment of error is sustained. This matter is reversed and remanded to the trial court to issue a new journal

entry reflecting that Senk is not subject to post-release control. The new journal entry shall also reflect that Senk is guilty in count one of illegal transportation of scrap tires in violation of R.C. 3734.83(A) and R.C. 3734.99(F), an unclassified felony.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

SCOT STEVENSON
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

DONALD K. POND, Attorney at Law, for Appellant.

DAVE YOST, Attorney General, and SALLY SMETZER MONTELL and KENNETH H. EGBERT, JR., Assistant Attorneys General, for Appellee.